HENRY F. FRIEZE,
ADMR. C. T. A. OF
RACHAEL FORSYTH        SEPTEMBER TERM, 1848.
vs.
GLENN AND STEWART.

[STATUTE OF FRAUDS—PART PERFORMANCE—CHANCERY PRACTICE.]

G. & S. having been appointed trustees to sell certain property, in a cause in which they, as administrators of A. F., were complainants, and one R. F. was defendant, sold the same to the said R. F. By the Auditor's report in that case, which was confirmed by the Chancellor, the sum of $1208 76 was assigned to said R. F. Upon a bill filed by the administrator of R. F., against the said trustees, to enforce the payment of this sum, it appearing that R. F. having failed to comply with the terms of sale, afterwards sold the property to one H. S., with an agreement, that the purchase money should be applied to the payment of incumbrances and other debts due by R. F., and that these debts, to which the money was applied by the trustees, exceeded the sum awarded to her by the Auditor, it was HELD—

That if the statute of frauds would, under any circumstance, apply to such an agreement, the acts of part performance by the trustees, would clearly take

32

it out of its operation, and that it is, therefore, clear, the plaintiff can have no relief upon his bill.

That the regular and proper course of proceeding, was by a petition in the first cause to enforce the order of the Chancellor ratifying the report of the Auditor, and not by filing an independent bill.

That as this bill was for the payment of a specific sum of money, and not for an account generally, though the plaintiff can have no decree, the defendants cannot have one for their overpayment.

———

[The bill was filed on the 25th of November, 1843, by the complainant, Henry F. Frieze, and after alleging his appointment as administrator of Rachael Forsyth, states and charges that John Glenn and David Stewart, the defendants, as administrators c. t. a. of Alexander Forsyth, heretofore filed their bill against the said Rachael, charging her with a failure to comply with the terms of sale made by them as administrators as aforesaid, and praying for a decree for the sale of the property of which the said Rachael had become the purchaser, for the payment of the purchase money due by her. That a decree was accordingly passed, appointing the said Glenn and Stewart trustees, to make the said sale, and the said Rachael again become the purchaser of the property. That the Auditor, by his report in that case, of the 9th of March, 1837, assigned the sum of $1,208 76 to the said Rachael, and that this report was confirmed on the 10th of March, 1837. The bill then charges that this sum was due and owing by the said trustees to the said Rachael at the time of her death, that they have refused to pay the same, and prays that they may be decreed to pay the same.

The answer of Glenn and Stewart, filed on the 8th of January, 1844, admits the appointment of the complainant as administrator of the said Rachael, the appointment of the defendants as trustees, the purchase of the property by the said Rachael, and the report of the Auditor, as alleged in the bill. It then charges that the defendants called upon said Rachael to comply with the terms of sale, when she declared herself wholly unable so to do. That in the early part of September, 1837, the said Rachael, by one Alexander Yearly, her agent, sold the said property to Mrs. Helena Stewart, the latter agreeing to

pay for a clear and unincumbered title the sum of $3,000, subject to a ground rent of $80 per annum. That on the 16th of September, 1837, the defendants, by the order and direction of said Rachael, testified by her becoming a party to the deed, conveyed the said property to the said Helena Stewart. That at the time of the sale to said Helena there were various liens for taxes and ground rent existing upon said premises, which it was agreed should be discharged out of so much of the purchase money as might be coming to said Rachael out of the proceeds of sale. That the sum so due the said Rachael was applied, in accordance with this agreement, to the discharge of said liens and incumbrances on said premises. A copy of these liens, and the payment thereof, is filed with the answer, which the defendants aver is a just and true account of the payments made by them under the agreement aforesaid, the vouchers of which have long since been shown to the complainant, and they are ready to produce the same whenever required.

A commission was issued to take testimony which was returned and filed on the 6th of January, 1846, containing evidence fully sustaining the allegations of the answer. The cause being submitted, the Chancellor on the 26th of April, 1847, passed the following order :

"This case has been submitted upon the bill, answer and proofs, and an agreement, in writing, on the part of the complainant's solicitor. Before a decree can be passed, it is necessary that a report should be made by the Auditor, and the Chancellor thinks that it would be premature to pronounce any opinion upon the merits until the report is made.

"It is, therefore, ordered, this 26th day of April, in the year 1847, that this case be, and the same is, hereby referred to the Auditor, with directions to state an account between the plaintiff and defendants, from the pleadings and proofs now in the cause, and such other proof as may be laid before him, and the parties are hereby authorized to take depositions before any justice of the peace, on giving three days notice, as usual, provided the said depositions are taken and filed in the chancery office, on or before the 31st day of May next."

The Auditor filed his report on the 28th of September, 1847, and on the 13th of November, 1848, at the final hearing of the cause, the following opinion was delivered:]

THE CHANCELLOR:

This case having been submitted on the part of the complainant, and the solicitors of the parties having presented their views, in writing, the proceedings have been read and considered by the Chancellor.

It appears, that upon a bill filed by the defendants, as administrators, with the will annexed, of Alexander Forsyth, against Rachael Forsyth, certain property was decreed to be sold, and the complainants in that case, being appointed trustees to make the sale, sold the same, and that Rachael Forsyth represented by the complainant in this case, became the purchaser. That by the report of the Auditor in the first case, there appeared to be due the said Rachael, the sum of $1,208 76, which report was ratified by the Chancellor's order, passed on the 10th of March, 1837, and this bill is filed to enforce the payment of the sum.

The answer of the defendants in this case, and the evidence, shows that Rachael Forsyth did not comply with the terms of sale, and that the property was subsequently sold by her, through an agent, to Mrs. Helena Stewart, with an agreement that the purchase money should be applied to the payment of incumbrances and other debts due by the said Rachael Forsyth, and that these incumbrances and debts exceed by $233 40, the sum which had been awarded her in the case first mentioned, so that, in point of fact, she has been overpaid that sum. It is objected, to be sure, that this agreement being by parol, is void under the statute of frauds, but even if the statute would, under any circumstances, apply to such an agreement (which is not admitted) the acts of part performance by the defendants in the the case, would clearly take it out of its operation. It would be making the statute an instrument of fraud, to allow it to defeat an agreement which has been performed to the extent to which this has been.

It is, therefore, clear, that the plaintiff in this case can have no relief against these defendants, even if he has adopted the mode in which, if the merits were with him, he could be entitled. I am by no means sure, however, that he has adopted the proper proceeding. The money which was awarded to Mrs. Forsyth resulted from proceedings in the case of Glenn and Stewart, (the present defendants) against her. The audit referred to, and upon which this complainant now seeks to recover, was made in that case, and I am strongly inclined to think, that instead of filling an independent bill, the regular and proper course was by petition in that case. I can see no reason why a new suit should be brought, when it was certainly in the power of the court, in a way much more summary, and much less expensive, to enforce the order in the first case, unless sufficient grounds against it could be shown.

But, although the plaintiff in this case can have no decree, the defendants cannot have one for their over payment. The bill was not filed for an account, but for a specific sum of money, nor was the order passed by this court on the 26th of April, 1847, in the nature of a decree to account, which would make both parties actors. The object of that order was to ascertain by a report from the Auditor, whether the defendants had paid or extinguished this particular claim, and not that the parties should account with each other. The bill, therefore, in this case will be dismissed with costs.

---

PHILIP C. FRIEZE and HENRY F. FRIEZE for Complainant. JOHN GLENN and DAVID STEWART for Defendants.

---

[No appeal was taken in this case.]